IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN RAY UNDERWOOD, | ) |
|     Petitioner, | ) ) ) |
| vs. | )   Case No. CIV-12-111-D ) |
| KEVIN DUCKWORTH, Interim Warden,<br>    Oklahoma State Penitentiary, | ) ) ) |
|     Respondent. | ) ) |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On this date, the Court issued a Memorandum Opinion and Judgment denying petitioner's request for habeas relief. (Docs. 53 and 54). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court denies a certificate of appealability.

Pursuant to 28 U.S.C. § 2253(c)(1), Petitioner may not appeal the denial of his habeas petition unless he obtains a certificate of appealability (COA). A COA is claim specific and appropriate only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (c)(3). When a claim has been denied on the merits, the COA standard is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where AEDPA deference has been applied in the denial of a

claim on the merits, that deference is incorporated into the COA determination. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

When a claim has been dismissed on a procedural ground, petitioner faces a "double hurdle." *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

Having thoroughly reviewed each issue raised by Petitioner, the Court concludes that, for the reasons set forth in the Memorandum Opinion, none satisfy the standard for the granting of a COA. Therefore, the Court DENIES a COA as to all of Petitioner's grounds for relief.

IT IS SO ORDERED this 28th day of July, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE