## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

KEVIN RAY UNDERWOOD, )
 )
 Petitioner, )
 )
v. ) Case No. CIV-12-111-D
 )
CHRISTE QUICK, Warden, )
Oklahoma State Penitentiary, )
 )
 Respondent. )

## **ORDER**

This is a closed 28 U.S.C. § 2254 capital habeas action.[1] Petitioner is an Oklahoma

death row inmate whose execution date is scheduled for December 19, 2024. Petitioner's

clemency hearing is scheduled for December 4, 2024, and the State must submit its written

materials to the Oklahoma Pardon and Parole Board by November 15, 2024. Before the

Court is Respondent's Expedited Unopposed Motion to Unseal Exhibits to Habeas Petition

[Doc. No. 76]. Respondent requests that the Court unseal Exhibit 16, Report of Dr. Joette

James [Doc. No. 19-16]; and Exhibit 17, Report of Dr. Bhushan S. Agharkar [Doc. No. 19-

17] to Petitioner's Habeas Petition. Counsel for Petitioner does not oppose the request.

Judicial documents are presumptively public and may be sealed only if "the right to

access is outweighed by the interests favoring nondisclosure." *United States v. McVeigh*,

119 F.3d 806, 811 (10th Cir. 1997). The rights of the public are "presumptively

paramount." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Crystal*

---

[1] Petitioner's request for habeas relief was denied on July 28, 2016, and Judgment in favor of
Respondent was entered the same day [Doc. Nos. 53, 54].

*Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). "'The party seeking to overcome the presumption' of public access to the documents 'bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

When Petitioner initially requested that the Court seal the portions of the filings that contained sensitive materials, this Court found good cause to grant that request. *See* 12/26/2012 Order [Doc. No. 18]. Although Petitioner may have arguably had a significant interest in keeping the sealed information from the public during the pendency of his habeas proceeding, that interest is diminished now that his Habeas Petition has been denied. Further, due to the unopposed nature of the Motion, it does not appear that Petitioner continues to assert the same privacy interests in the sealed documents that he did during the habeas proceeding.

In contrast, the public's interest in accessing this information appears greater than it may have been during Petitioner's habeas proceeding, as Petitioner is now seeking clemency from his death sentence. *See Ashworth v. Bagley*, 351 F. Supp. 2d 786, 790 (S.D. Ohio 2005) ("[S]ince there are strong public interests not only in the prompt execution of state court criminal judgments, but also in the assurance that state court criminal judgments are constitutional, there is a corresponding interest in the public's access to, and understanding of, every stage of the appeals process to which capital defendants are entitled in order to test the constitutionality of their death sentences.").

The information in the sealed documents is paramount to the public's interest in understanding the due process that was afforded to Petitioner and the legitimacy of his death sentence. Moreover, information about Petitioner's mental health is already being disseminated among the public. *See* https://actionnetwork.org/petitions/stop-the-execution-of-kevin-underwood-in-oklahoma/ (last visited Nov. 1, 2024). Because clemency hearings are open to the public and available to watch live via Zoom, *see* https://oklahoma.gov/ppb/about/board-meetings.html (last visited Nov. 1, 2024), it will be difficult, if not impossible, for Petitioner to keep any alleged mental health problems private, should he decide to raise them.

Upon consideration, the Court finds that Petitioner's interests now appear outweighed by the presumptively paramount interest of the public. Further, due to the unopposed nature of the Motion, it does not appear that Petitioner continues to assert the same privacy interests in the sealed documents that he did during the habeas proceeding.

**IT IS THEREFORE ORDERED** that Exhibit 16 [Doc. No. 19-16] and Exhibit 17 [Doc. No. 19-17] to Petitioner's Habeas Petition be unsealed, and the requirement that "all subsequent responses and supporting documentation going to the redacted portion of the Petition and supporting documents also be filed under seal," *see* 12/26/2012 Order, is vacated.

**IT IS SO ORDERED** this 1ˢᵗ day of November, 2024.

_____

TIMOTHY D. DeGIUSTI
Chief United States District Judge